UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MONICA HAROLD,

    Plaintiff,

v.

LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, MONICA HAROLD ("HAROLD"), by and through her undersigned counsel, hereby sues LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK ("LINCOLN"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. HAROLD brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. HAROLD was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINCOLN is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HAROLD by LINCOLN.

6. HAROLD was at all times material an employee of BioTelemetry, Inc.

7. HAROLD was at all times material a plan participant under the BioTelemetry, Inc. Group Long Term Disability Insurance Policy, Policy Number 00001017449200000 (the "LTD Plan"), issued by LINCOLN to BioTelemetry, Inc. and pursuant to which HAROLD is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINCOLN is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINCOLN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, HAROLD is entitled to LTD benefits for the duration of her disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **"Total Disability" or "Totally Disabled"** will be defined as follows.
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any gainful occupation which his or her training, education or experience will reasonably allow.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

13. Since approximately July 8, 2014, HAROLD has been disabled under the terms of the LTD Plan.

14. After becoming disabled, HAROLD made a timely claim to LINCOLN under the LTD Plan for disability benefits and LINCOLN initially approved and paid LTD benefits for the period of October 6, 2014 through October 6, 2016.

15. By letter dated October 24, 2016, LINCOLN denied HAROLD's continued claim for benefits beyond October 6, 2016.

16. HAROLD timely and properly appealed LINCOLN's October 24, 2016, denial of LTD benefits.

17. By letter dated March 31, 2017, LINCOLN affirmed its previous decision to deny HAROLD's LTD claim for disability benefits and informed HAROLD that all required administrative remedies had been exhausted.

18. At all relevant times, HAROLD complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, due to an Injury or Sickness, HAROLD has been unable to perform each of the main duties of his regular occupation.

20. At all relevant times, due to an Injury or Sickness, HAROLD has been unable to perform each of the main duties of any gainful occupation which her training, education or experience will reasonably allow.

21. At all relevant times, HAROLD has been under the regular care of a doctor.

22. At all relevant times, HAROLD was a Covered Person under the LTD Plan.

23. From July 8, 2014 through the present date, HAROLD has not received benefits owed to her under the LTD Plan, despite HAROLDS's right to these benefits.

24. LINCOLN has refused to pay HAROLD's LTD benefits.

25. At all relevant times, LINCOLN was the payer of benefits.

26. At all relevant times, LINCOLN was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, LINCOLN was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

28. At all relevant times, HAROLD has been and remains Disabled and entitled to LTD benefits from LINCOLN under the terms of the LTD Plan.

29. HAROLD has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. HAROLD incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), HAROLD, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. HAROLD has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINCOLN's failure to pay his disability benefits.

34. HAROLD has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to HAROLD at a time when LINCOLN knew, or should have known, that HAROLD was entitled to those benefits under the terms of the LTD Plan, as HAROLD was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of HAROLD's claim for LTD benefits;

    (c) After HAROLD's claim was terminated in whole or in part, LINCOLN failed to adequately describe to HAROLD any additional material or information necessary for HAROLD to perfect his claim, along with an explanation of why such material is or was necessary.

    (d) LINCOLN failed to properly and adequately investigate the merits of HAROLD's disability claim and failed to provide a full and fair review of HAROLD's claim.

36. HAROLD believes and thereon alleges that LINCOLN wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which HAROLD is presently unaware, but which may be discovered in this future litigation and which HAROLD will immediately make LINCOLN aware of once said acts or omissions are discovered by HAROLD.

37. Following the termination of benefits under the LTD Plan, HAROLD exhausted all administrative remedies required under ERISA, and HAROLD has performed all duties

and obligations on his part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of LINCOLN, HAROLD has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding HAROLD's claim for benefits, HAROLD, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), HAROLD is entitled to have such fees and costs paid by LINCOLN.

40. The wrongful conduct of LINCOLN has created uncertainty where none should exist; therefore, HAROLD is entitled to enforce her rights under the terms of the LTD Plan and to clarify her rights to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, MONICA HAROLD prays for relief against LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

DATED: August 31, 2017

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Telephone: (954) 620-8300

        *S/ Rachel Alters*
        RACHEL ALTERS, ESQUIRE
        Florida Bar No:106232
        Email: Rachel@diattorney.com
        GREGORY MICHAEL DELL, ESQUIRE
        Florida Bar No: 299560
        Email: gdell@diattorney.com